UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIELDA ANGRAND, | |
| Plaintiff, | 18-cv-6137 (ARR)(SMG) |
| -against- | |
| AMERICARE, INC., | **AMENDED COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff GIELDA ANGRAND, by and through counsel, alleges upon information and belief, except as to the allegations that pertain to Plaintiff which are alleged upon personal knowledge, as follows:

## INTRODUCTION

1. This action arises out of violations by Defendant AMERICARE, INC. ("Defendant") of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including its failure to pay Plaintiff GIELDA ANGRAND ("Plaintiff") for all hours worked at the legally required minimum hourly wage rates and for Defendant's failure to pay her federally and state mandated overtime pay, spread of hours pay, and Wage Parity pay.

2. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff of her lawful minimum and overtime wages.

3. Plaintiff also brings this action for unpaid minimum and overtime wages, spread of hours pay, Wage Parity pay, and statutory damages, pursuant to NYLL §§ 650 *et seq* and implementing regulations.

4. Plaintiff hereby seeks legal and declaratory relief against Defendant pursuant to Federal and New York statutes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district in that its principal place of business is located in this district and because Plaintiff labored for Defendant in this judicial district.

## THE PARTIES

8. Plaintiff GIELDA ANGRAND is a resident of Kings County in the State of New York. Defendant employed Plaintiff GIELDA ANGRAND from in or about November, 2015 until April, 2018, approximately.

9. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

10. Defendant employed Plaintiff within the meaning of the FLSA and NYLL.

11. Defendant AMERICARE, INC. is a Domestic Business Corporation incorporated in the State of New York with its principal place of business located at 171 Kings Highway, Brooklyn, New York.

12. Defendant grossed more than $500,000.00 in each of the last six calendar years.

13. At all times relevant hereto, the activities of Defendant constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

14. At all times relevant hereto, Defendant employed employees, including Plaintiff, who regularly were employed by Defendant's enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

15. At all times relevant hereto, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

16. At all times relevant hereto, Defendant has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

## STATEMENT OF FACTS

17. Defendant provides home care services to elderly and disabled individuals throughout metropolitan New York City and surrounding areas.

18. At all relevant times herein, Defendant employed Plaintiff as a home health aide ("HHA") to work in and around New York City providing personal home health care and assistance to Defendant's disabled/elderly clients.

19. At all relevant times herein, Defendant operated a licensed home health care agency that sent Plaintiff and others to work as HHAs for Defendant's disabled/elderly clients in and around New York City.

20. Plaintiff worked for Defendant as a HHA.

21. Plaintiff's job duties included, but were not limited to, patient care, household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendant assigned her ("consumer" or "client").

22. Plaintiff was assigned to provide services in the homes of Defendant's consumers.

23. Plaintiff was responsible for all aspects of her assigned consumers' welfare, including but not limited to providing companionship, preparing meals, assisting in toileting and grooming, administering medication, accompanying her assigned consumers on outings to shops or other trips or errands, laundering, and house cleaning.

24. Plaintiff was usually assigned to work three (3) to five (5), or more, twenty-four (24) hour shifts per week. Thus, Plaintiff regularly worked seventy-two (72) hours to one hundred-twenty (120) hours per week, or more.

25. Plaintiff did not "live on the premises of her employer".

26. Plaintiff maintained her own residence and at no time resided in the homes of Defendant's consumers.

27. Therefore, Plaintiff is not a "residential employee" as defined by 12 N.Y.C.R.R. § 142-2.1(b).

28. While working her twenty-four (24) hour shifts, Defendant required Plaintiff to stay overnight at the residences of Defendant's clients and monitor and attend to them, throughout her shifts. These shifts were known as "live in" or "sleep in" shifts.

29. While employed by Defendant, Plaintiff regularly worked seventy-two (72) hours to one hundred-twenty (120) hours per week, and on occasion more. During said time, Defendant prohibited Plaintiff from leaving her assigned client(s) and required her to constantly attend to her client(s).

30. During every minute of her assigned shifts, Defendant controlled the activities in which Plaintiff was allowed to engage.

31. During her entire shifts, Plaintiff was not free to leave her place of employment.

32. Plaintiff was responsible for providing care for her assigned consumers when they woke up during the nighttime, which regularly happened up to three times per night.

33. Plaintiff was regularly disturbed during her sleep and had to assist in toileting, administering medication, turning, and/or monitoring her consumer(s) and their condition(s).

34. Often times, Plaintiff was not given her own room or bed to sleep in/on. Plaintiff often had to sleep on a small couch close to her assigned consumer's bed.

35. At all times relevant hereto, Plaintiff had to constantly monitor, respond to, and check on, her assigned consumer(s).

36. Defendant paid Plaintiff at an hourly rate of $11.30 per hour.

37. Despite the regular work that Plaintiff performed during the nighttime, Defendant only paid Plaintiff for thirteen (13) hours per twenty-four (24) hour shift. Plaintiff was thus only paid approximately $6.12 per hour, well below the minimum wage.

38. On numerous occasions, Plaintiff informed Defendant's supervisors that her consumer woke up multiple times per night and that Defendant should assign two twelve (12) hour home attendants (split-shift), rather than one twenty-four (24) hour home attendant, to take care of her consumer(s).

39. Notwithstanding said reports from Plaintiff, Defendant refused to assign two twelve (12) hour home attendants (split-shift) - rather than one twenty-four (24) hour home attendant - to take care of her consumer.

5

40. Despite the fact that Defendant was notified that Plaintiff was regularly working during the night-time, Defendant did not pay Plaintiff for all recorded time and/or hours worked.

41. At the beginning and end of each of the Plaintiff's work shifts, Defendant required her to place a telephone call to Defendant's automated time keeping system to record her hours.

42. Defendant failed to make and keep contemporaneous records of all of Plaintiff's work hours, including but not limited to alleged sleep and meal periods, in violation of 29 U.S.C. § 211(c) and the NYLL § 196-a.

43. Throughout her employment with Defendant, Plaintiff rarely if ever received uninterrupted, continuous, and completely-relieved-of-duty sleeping and meal periods because she assisted, monitored, supervised, toileted, supervised, monitored, and responded to her assigned client throughout her shifts, including during alleged sleeping and meal periods.

44. Throughout her employment with Defendant, Plaintiff did not receive uninterrupted meal breaks and generally ate while working.

45. At all relevant times, even though Plaintiff regularly worked through the night and did not receive five (5) hours uninterrupted sleep, Defendant automatically deducted from her wages eleven (11) hours per day for alleged sleep time and for alleged meal periods, without regard to whether Plaintiff in fact worked through said time periods.

46. At all relevant times, as a result of the foregoing, Defendant paid Plaintiff at rates well below the minimum wage, in violation of the FLSA and NYLL.

47. At all relevant times, Defendant failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA and NYLL.

6

48. Defendant's recordkeeping practices violated the FLSA and NYLL, and the burden should shift to Defendant to prove it paid properly Plaintiff the required minimum wages and overtime.

49. The work performed by Plaintiff was non-exempt as defined by the FLSA and the NYLL and its implementing regulations.

50. Plaintiff was not a *companion* as defined by 12 N.Y.C.R.R. § 142-2.14 because she did not live in the homes of her employers. Moreover, providing companionship is only incidental to the many duties that she performed, which include housekeeping.

51. Defendant monitored Plaintiff's compliance with its guidelines, procedures, and policies by periodically reviewing her work performance, and by sending supervisors and individuals from management to periodically observe her.

52. When divided by the number of hours worked per week, the hourly rates Defendant paid Plaintiff, regularly amounted to less than the minimum wage.

53. Plaintiff was entitled to be paid for all hours worked.

54. Plaintiff was entitled to be paid overtime, or a minimum of one and one half (1 ½) times her regular rate of pay, for all hours worked in excess of forty (40) hours.

55. Defendant failed to pay Plaintiff an extra hour of pay at the minimum wage rate for each day that her workday ended more than ten (10) hours after it began (spread of hours pay) as required by the NYLL and its implementing regulations.

56. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

57. At all relevant times, Defendant failed to post and/or keep posted in places regularly assessable to Plaintiff "a notice issued by the Department of Labor summarizing minimum wage provisions," in violation of 12 N.Y.C.R.R. §142-2.8.

58. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

59. Defendant's unlawful conduct has been widespread, repeated and consistent.

## WAGE THEFT PREVENTION ACT VIOLATIONS

60. Defendant failed to provide Plaintiff with the notices required by NYLL §195(1).

61. Defendant violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, all hours worked, rates paid, gross wages, deductions, and net wages.

### Failure to Pay Total Compensation Under Wage Parity Law

62. As part of its effort to improve the quality of care for New Yorkers who receive home health care services, in 2011 the New York Legislature enacted Public Health Law § 3614-c, which went into effect as of March 1, 2012. Commonly known as the Wage Parity Law, the statute conditions Medicaid reimbursement for home health care services provided in New York City and the surrounding counties of Westchester, Suffolk, and Nassau upon a home health care agency's certification that its home care workers are paid a statutorily defined minimum wage. That wage is determined by reference to New York City's Living Wage Law (*see* Administrative Code of City of NY § 6-109[b][1][a], [b][3]), which sets a minimum wage and health benefits supplement rate that must be paid by any City service contractor or subcontractor to its employees who provide home care services. By referring to the New York City Living Wage

8

Law, the Wage Parity Law aims to bring total compensation for Medicaid-reimbursed home care aides in the metropolitan New York area into line with compensation paid to aides who are under contract with New York City, thereby furthering the legislative purpose of stabilizing the home care workforce, reducing turnover, and enhancing recruitment and retention of home care workers.

63. The Wage Parity Law applies to entities like Defendant that contract with managed care plans for Medicaid reimbursements. NYPHL § 3614-c(6). The Wage Parity Law applies "equally to services provided by home care aides who work on episodes of care as direct employees of certified home health agencies, long term home health care programs, or managed care plans, or as employees of licensed home care services agencies, limited licensed home care services agencies, or under any other arrangement." NYPHL § 3614-c(4).

64. Defendant has been and continues to be a licensed home care services agency.

65. Defendant has entered into agreements with one or more managed care plans. Under the terms of these agreements, managed care plans reimburse Defendant for the services performed by its employees with New York state Medicaid funds. On information and belief, under the terms of these agreements, Defendant was obligated to compensate its home care aides according to the Wage Parity Law.

66. On information and belief, Defendant received reimbursements from managed care plans. These reimbursements were funded, at least in part, by New York state Medicaid funds.

67. Plaintiff was a home care aide as defined by the Wage Parity Law.

68. On information and belief, Defendant received reimbursements funded by New York State Medicaid funds for Plaintiff's services from a managed care plan.

9

69. The New York State Department of Health periodically publishes official notices of home care worker wage parity minimum rate of total compensation, which provide the breakdown of total hourly compensation of homecare workers.

70. Defendant failed to pay Plaintiff the minimum rate of total compensation required by the Wage Parity Law. The vast majority of Plaintiff's pay stubs show that she was paid only straight time wages of approximately $11.30 per hour. Accordingly, Defendant failed to pay Plaintiff the total minimum compensation required under the Wage Parity Law.

**FIRST CAUSE OF ACTION**
**(Minimum Wage Violations of the FLSA)**

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

77. Throughout the statute of limitations period covered by these claims, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

78. Throughout the statute of limitations period covered by these claims, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

79. Throughout the statute of limitations period covered by these claims, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

80. Throughout the statute of limitations period covered by these claims, Defendant has had annual gross revenues in excess of $500,000.

81. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A and incorporated by reference herein.

82. Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiff, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiff at the required minimum wage for each hour worked.

83. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff at the federally mandated minimum wage for all hours worked. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a).

84. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

85. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied pay at the federally required rate for all of her hours worked in an amount to be determined at trial and is therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(Overtime Violations of the FLSA)**

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

87. Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiff, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiff at the required overtime rates for each hour worked above forty (40) per workweek.

11

88. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff the federally mandated overtime wages for all hours worked above forty (40) per workweek.  Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207 and 215(a).

89. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

90. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied pay at the federally required rates for all of her overtime hours worked in an amount to be determined at trial and is therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION

### New York Labor Law, Article 19: Minimum Wages and Overtime Wages

**91.** Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

92. At all times relevant hereto, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

93. At all times relevant hereto, Defendant was an employer within the meaning of N.Y. Lab. Law § 650(6).

94. It is unlawful under the NYLL law for an employer to suffer or permit a non-exempt employee to work without paying the required minimum wage rates for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

95. Defendant willfully, regularly, repeatedly and knowingly violated the Plaintiff's rights by failing to pay her compensation at the required minimum wage rates for all hours worked as well as overtime compensation at the required overtime rates for hours worked in excess of forty (40) hours per workweek, in violation of the NYLL and its regulations.

96. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

97. Also as detailed above, Defendant's actions were willful.

98. Due to Defendant's NYLL violations, Plaintiff seeks damages in the amount of her unpaid minimum wages, unpaid wages, unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
### New York Labor Law, Articles 6 and 19—Spread of Hours Pay

99. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

100. Defendant failed to pay Plaintiff an additional hour's pay at the basic minimum hourly wage rate for each day that she worked a spread of hours that exceeded ten hours or a shift in excess of ten hours, in violation of N.Y. Lab. Law § 190, *et seq.*, and 650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

101. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### Notice Violations:  New York Labor Law § 195(1)

102. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

103. Effective April 9, 2011, the NYLL was amended to require employers to provide each employee with a written notice "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer."  N.Y. Lab. Law § 195(1) (2010).

104. Among other required information the notice must include the employee's "regular hourly rate and overtime rate of pay" where the employee, such as Plaintiff, is entitled to overtime pay under the laws and regulations of New York.

105. Defendant never provided Plaintiff with a written notice that accurately stated her "regular hourly rate and overtime rate of pay."

106. From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide this required notice was $50.00 per week up to a maximum of $2,500.00.  N.Y. Lab. Law § 198(1-b) (2010).

107. Effective December 29, 2014, the NYLL was amended to remove the requirement that the notice required by section 195(1) of the NYLL be provided on a yearly basis.

108. However, the penalties were increased.  Effective February 27, 2015, the penalty for not providing a written notice when the employee was hired was increased to $50.00 ***per workday*** with a maximum penalty of $5,000.00.  N.Y. Lab. Law § 198(1-b) (2014).

109. Plaintiff seeks the statutory penalty for herself together with costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION
### Notice Violations:  New York Labor Law § 195(3)

110. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

111. Effective April 9, 2011, the NYLL was amended to specify the information that an employer must furnish with each payment of wages.  N.Y. Lab. Law § 195(3) (2010).

112. From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide the wage statement required by section 195(3) of the NYLL was $100.00 per week up to a maximum of $2,500.00.  N.Y. Lab. Law § 198(1-d) (2010).  This penalty was increased effective February 27, 2015, to $250.00 *per workday* with a maximum penalty of $5,000.00.  N.Y. Lab. Law § 198(1-b) (2014).

113. Defendant has willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

114. Plaintiff seeks the statutory penalty for herself together with costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Failure to Pay Earned Wages Mandated by Wage Parity Law - NYLL

115. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

116. New York Labor Law § 190(1) defines "Wages" as "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. The term "wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article."

117. New York Labor Law § 198-c(2) further provides; "As used in this section, the term "benefits or wage supplements" includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay."

118. Pursuant to New York Labor Law § 198 employers such as the Defendant who fail to pay hourly employees wages in conformance with New York Labor Law shall be liable to the hourly employees for the wages that were not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

119. The Total Compensation for home care workers as mandated by Wage Parity Law is wages under New York Labor Law.

120. Depending on the period, Defendant was obligated to pay its home care worker employees the total compensation of, $9.00 plus $1.35 per hour if medical benefits were not provided; $9.50 per hour plus $1.43 in wages and/or wages and benefits; and $14.09 per hour under the Wage Parity Law because it entered into agreements with managed care plans and was receiving reimbursements funded by the New York Medicaid program.

121. Plaintiff was entitled to receive the total compensation of as set forth above per hour under the Wage Parity Law.

122. Defendant never paid Plaintiff he Total Compensation as required by the Wage Parity Law.

123. Defendant's failure to pay Plaintiff the total compensation as required by the Wage Parity Law was without good faith basis to believe that such failure was in compliance with the law.

124. Due to Defendant's violations of the Wage Parity Law and N.Y. Labor Law, Plaintiff is entitled to recover from Defendant her wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### Unjust Enrichment – In the Alternative

125. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

126. If Plaintiff's New York Labor Law claim for wages required by the Wage Parity Law fails for any reason, Defendant was unjustly enriched by failing to pay Plaintiff the total compensation required by the Wage Parity Law.

127. Defendant was enriched by keeping the underpayment, which is the difference between what it should have paid under the Wage Parity Law and what it actually paid to the Plaintiff.

128. By keeping the underpayment, Defendant was enriched at Plaintiff's expense.

129. The circumstances of the enrichment are such that equity and good conscience require restitution to which Plaintiff is entitled.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) An award of damages, including unpaid minimum wages, overtime pay, spread of hours pay, Wage Parity pay, according to proof, including FLSA liquidated damages, and interest, to be paid by Defendant;

(b) An award of damages to Plaintiff for violations of the NYLL, including statutory damages and NYLL liquidated damages;

(c) Costs of action incurred herein, including expert fees;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which she has a right to a jury trial

Dated: February 5, 2019          Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiff*

# EXHIBIT "A"

I am a current or former employee of AMERICARE INC., and related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this_____day of July 2018

_____Gielda Angrand_____
Signature

_____GIELDIA ANGRAND_____
Full Legal Name (print)