# Harrison, Harrison & Associates, Ltd.

90 BROAD Street, 2nd Floor
NEW YORK, NY, 10006
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701

January 24, 2020

**VIA ECF**

Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Angrand v. Americare, Inc.*
     Case No. 18-cv-06137-ARR-SMG

     *Marcelin v. Americare, Inc.*
     Case No. 19-cv-04039-ARR-SMG

Dear Judge Gold:

We represent Plaintiffs Gielda Angrand and Evelyne Marcelin ("Plaintiffs"), in the above-referenced actions against Defendant, Americare, Inc. ("Defendant"). As per this Court's January 10th Order, the parties in this case respectfully request that the Court approve the parties' Settlement Agreement, a copy of which is attached hereto as Exhibit "1" (the "Agreement"), and the settlement provided for therein, as final, fair, reasonable, adequate, and binding on the parties, and that the Court dismiss these two cases with prejudice.

## SETTLEMENT TERMS

After engaging in extensive discovery and hard fought negotiations between experienced counsel – the issues were heavily contested from both a factual and legal standpoint – the settlement was reached with the assistance of the Court, which concluded that the settlement was fair and reasonable given the factual and legal issues.

The terms of the Agreement provide that in exchange for wage and hour releases from each of the Plaintiffs, Defendant will pay Plaintiffs a total of $31,500.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements. Costs in this case total $2,463.65[1],

---

[1] Costs in this case were: i) Filing fees (for two cases), $800.00, ii) process server fees, $75, (iii) interpreter costs, $175, and (iv) $1,413.65 in court reporting fees.

1

attorneys' fees are $10,036.35, and $19,000.00 will be paid out to the two Plaintiffs in proportion to the approximate value of their claims.

The Agreement reflects a compromise between the parties. While Plaintiffs could have possibly received more money had they proceeded to and won at trial, Plaintiffs agreed to the Settlement Amount, and believe it to be a fair and reasonable compromise, because they wanted to avoid the time, uncertainty, costs, and stress that they would undergo if this case proceeded to motion practice, trial, and appeal(s). The relatively early stage of this litigation (i.e., prior to summary judgment motions, trial, and a lengthy appeal) was one of the factors that induced the Plaintiffs to reach a compromise.

There were real risks involved in continuing with the litigation. First, there is no certainty that Plaintiffs will be able to prove at trial that they had interrupted sleep and meal breaks, or how often they were interrupted. Another risk with proceeding to trial was that Plaintiffs did not have accurate records listing the total hours that each of them worked.[2] As a result, their damages calculations relied on certain estimations[3] and they may have had issues proving how much unpaid wages Defendant owes them. Thus, even if Plaintiffs would win at trial – and Defendant strongly denied that there were any wage and hour violations or that any monies owed – the amount of overtime and/or unpaid wages owed to them is uncertain.

Another risk involved Defendant's "live-in" policy which required Plaintiffs to notify Americare each time they did not receive sufficient sleep and/or meal breaks. While Plaintiffs testified that they notified, on several occasions, their supervisors about their interrupted sleep and meals, the fact-finder could find that Plaintiffs did not comply, at least during portions of their employment, with this policy.

Another factor involved in Plaintiffs' decision to settle this lawsuit was that they wanted the Settlement Amount sooner, rather than having to wait many months or even several years for payment. Plaintiffs also wished to forego the uncertainties of litigation and the hassle and expense of proceeding through motion practice, and trial. They also did not want to take time off from work for court conferences, and trial.

Thus, Plaintiffs – and Defendant – believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## **ATTORNEYS' FEES & COSTS**

It is well settled that one-third contingency fee agreements – such as those agreed upon by each of the Plaintiffs in their retainer agreements – are regularly approved in this circuit in FLSA and NYLL cases. *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP),

---

[2] In addition, while Defendant would have numerous managers and other witnesses attesting to their version of the facts, Plaintiffs anticipate difficulties in locating witnesses who would be willing to testify against Defendant.

[3] Additionally, Defendant pointed out several inaccuracies with regards to Plaintiffs' calculations of their hours worked.

2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *see also Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA and NYLL case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) (awarding 32.9% of the settlement amount in FLSA and NYLL case.); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y 2013) ("Class Counsel is requesting 33% of the $4.9 million settlement. This case does not require a 'sliding scale' approach to prevent a windfall because the requested amount is 'consistent with the norms of class litigation in this circuit.'") (Ellis, M.J.); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); *Chavarria v. New York Airport Serv., LLC*, 875 F. Supp. 2d 164, 179 (E.D.N.Y. 2012) (finding "Class counsel's requested fee, 33% of the settlement, reasonable under the circumstances of this case and 'well within the range accepted by courts in this Circuit.'").

In light of the above, Plaintiffs respectfully request that this Court approve the parties' Agreement and that the Court discontinue these two cases with prejudice except in the event of a breach for failure to pay the Settlement Amount provided for in the Agreement.

We thank the Court for its attention to this matter.

Respectfully submitted,<br>
/S/ DAVID HARRISON<br>
David Harrison

cc: All Counsel of Record (VIA ECF)

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>GIELDA ANGRAND,<br><br>                              Plaintiffs,<br><br>     - against -<br><br>AMERICARE, INC.,<br><br>                              Defendant.<br>----------------------------------------------------------------X | Docket No.: 18-cv-6137<br>(ARR) (SMG) |
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>EVELYNE MARCELIN,<br><br>                              Plaintiff,<br><br>     - against -<br><br>AMERICARE, INC.,<br><br>                              Defendant.<br>----------------------------------------------------------------X | Docket No.: 1:19-cv-04039<br>(ARR) (SMG) |

**SETTLEMENT AND RELEASE AGREEMENT**

     **WHEREAS**, the plaintiffs in the above-captioned matters filed suit in actions against Defendant Americare, Inc. ("Defendant") alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") with respect to the payment of Plaintiffs' wages, including overtime and other wage regulations;

     **WHEREAS**, Defendant has denied Plaintiffs' allegations, and has contended that Plaintiffs' allegations are unfounded and lack merit;

     **WHEREAS,** on January 3, 2020, the Parties appeared before Magistrate Judge Steven M. Gold for a pre-trial conference during which substantial progress was made towards settlement;

1

**WHEREAS**, the Plaintiffs Gielda Angrand and Evelyne Marcelin (collectively "Plaintiffs") and Defendant (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that the Plaintiffs have against Defendant, or may have against Defendant, arising under the FLSA, NYLL, and any other statute or ordinance governing the payment of wages or other financial remuneration that might be due to the Plaintiffs due to their employment by Defendant by way of this Settlement and Release Agreement ("Agreement");

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendant's counsel of record in the Action have negotiated extensively and in good faith, and attended a pre-trail conference before the Court, to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to the Plaintiffs by Defendant of the amount of Thirty-One Thousand Five Hundred Dollars and Zero Cents ($31,500.00) (the "Settlement Amount"), as allocated below, to which the Plaintiffs are not otherwise entitled, the Plaintiffs hereby release and forever discharge Defendant as well as its current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, in their capacities as such, as well as anyone employed by or affiliated with Defendant, deemed by the Plaintiffs to be "employers," both individually and in their official capacities, as well as Defendant's parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and

business partners in their capacities as such, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims asserted in the Action as well as any and all complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, debts, controversies, damages, judgments, in law or equity, which concern violations or allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees and costs, and/or statutory penalties), or civil penalties purportedly owed to the Plaintiffs under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, which the Plaintiffs, their respective heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.  Defendant shall issue:

    (a) One check made out to Evelyne Marcelin for the gross amount of Six Thousand Two Hundred and Fifty Dollars and Zero Cents ($6,250.00) reported on a W-2;

    (b) One check made out to Evelyne Marcelin for Six Thousand Two Hundred and Fifty Dollars and Zero Cents ($6,250.00) reported on a 1099 with Box 3 "other income" checked, representing interest, liquidated damages and penalties;

    (c) One check made out to Gielda Angrand for the gross amount of Three Thousand Two Hundred and Fifty Dollars and Zero Cents ($3,250.00) reported on a W-2;

    (d)    One check made out to Gielda Angrand for Three Thousand Two Hundred and Fifty Dollars and Zero Cents ($3,250.00) reported on a 1099 with Box 3 "other income" checked, representing interest, liquidated damages and penalties; and

    (e)    One check made out to Harrison, Harrison & Associates, Ltd. in the amount of $12,500 for attorneys' fees and costs associated with their representation of the Plaintiffs in this matter.

2.    Provided that: (1) each of the Plaintiffs has executed this Agreement; (2) Defendant's counsel receives: (i) this Agreement, fully executed and signed by each Plaintiff; (ii) an IRS W-4 and W-9 form executed by each Plaintiff and an IRS W-9 form executed by Plaintiffs' counsel for the settlement proceeds being released to Plaintiffs' counsel; and (iii) the Stipulation of Dismissal, in the form attached as "Exhibit 1," executed by Plaintiffs' counsel; and (3) the Court approves this settlement and endorses the Stipulations of Dismissal, the Settlement Amount shall be paid and delivered, via overnight mail, to David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite 10, Red Bank, NJ 07701, within ten (10) days' of the Court's approval of this Agreement.

3.    Defendant may issue an IRS form 1099 to Plaintiffs' counsel reflecting the settlement payment. The foregoing IRS 1099 form(s) shall designate in box 14 that any and all amounts paid are "Gross proceeds paid to an attorney." The Plaintiffs agree to hold Releasees harmless, and indemnify Defendant from any payments Defendant may be required to make to any taxing authority resulting from the payment of the Settlement Amount, the issuance of a form 1099, or as a result of the Plaintiffs' failure to pay any taxes related to said income.

4

4. The release given by the Plaintiffs herein shall become fully effective and binding upon execution of a fully-signed agreement, and upon the Court's approval of this settlement and endorsement of the Stipulation of Dismissal, provided that Defendant pays the Settlement Amount as provided for in Paragraph 2 above.

5. Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendant, both individually and in their/its official capacities, that concern violations or allegations of retaliation or unpaid compensation (including minimum wage, late payment, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiffs under the FLSA, the NYLL, or any other law, regulation, or ordinance regulating the payment of wages. In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of the Plaintiffs, the Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Should Plaintiffs (or any one of them) file a charge against Defendant, asserting any claim released herein, with any agency, or cooperate with an investigation with any agency, Plaintiffs acknowledge that this Agreement shall bar them from receiving monetary compensation in connection therewith.

6. Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement from Defendant. Plaintiffs expressly acknowledge that the release

provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

7.      Plaintiffs acknowledge that, upon payment by Defendant of all the sums payable under this Agreement, they have been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

8.      Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Defendant or Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Defendant or Releasees for any purpose, unless required by law. Provided, however, that this paragraph shall not limit, obstruct or otherwise impede Plaintiffs from enforcing this Agreement.

9.      Plaintiffs acknowledge that this Agreement does not constitute an admission by Defendant of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Defendant that Plaintiffs' claims have merit. In fact, Plaintiffs acknowledge that Defendant explicitly refutes and denies any claims of wrongdoing.

10.     This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

11. Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by them or on their behalf.

12. Plaintiffs and Defendant are competent to enter into this Agreement. Plaintiffs and Defendant are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiffs and Defendant are not a party (or parties) to any bankruptcy, lien, creditor-debtor or other proceeding which would impair their right to settle all claims, and to release any claims to the extent any such release is given herein, both known and unknown, pursuant to this Agreement and/or to fulfill their obligations hereunder.

13. All parties confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendant and/or Plaintiffs to execute this Agreement.

14. This Agreement constitutes the entire agreement between the Parties with respect to the settlement of the Action and the release of Plaintiffs' claims contained herein.

15. The Parties agree that they shall execute, or cause their counsel to execute, any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulations of Dismissal annexed hereto as "Exhibit 1."

16. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

17. This Agreement may only be modified, altered or changed in writing, signed by the Parties and approved by the Court.

18. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce this Agreement.

19. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. Any signature page signed by electronic signature via DocuSign® for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page signed via DocuSign®. All other notices and documents set forth herein shall be delivered to counsel for Defendant, Kevin J. O'Connor, Esq. and Shannon D. Azzaro, Esq., Peckar & Abramson, P.C., 70 Grand Avenue, River Edge, New Jersey 07661; (201) 343-3434; facsimile (201) 343-6306; KOConnor@pecklaw.com and sazzaro@pecklaw.com, and counsel for Plaintiffs, David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite 10, Red Bank, NJ 07701; (718) 799-9111; facsimile (718) 799-9171; dharrison@nynjemploymentlaw.com.

20. Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Plaintiffs further represent that they

8

have been provided the opportunity to review this Agreement. Plaintiffs fully understand all of the provisions of this Agreement and are executing same freely and voluntarily.

**IN WITNESS WHEREOF**, Plaintiffs and Defendant have duly executed this Settlement Agreement and Release freely and voluntarily.

_____    _____
AMERICARE, INC.                                                DATE

_____
TITLE

_____    _____
GIELDA ANGRAND                                                DATE

_____    _____
EVELYNE MARCELIN                                             DATE

# EXHIBIT 1